IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Leonard Stanfield, #235306, | C/A. No. 2:16-1066-CMC-MGB |
| Plaintiff, | |
| v. | |
| C. Reynolds, Warden, Lee Correctional Institution, | **Opinion and Order** |
| Defendant. | |

This matter is before the court on Plaintiff's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. Plaintiff claims the "Post Conviction Relief Court erred" when it found Plaintiff's trial counsel was not deficient for failing to object to the trial judge entering the jury room and engaging in out-of-court ex parte communications with the jury, and when it determined counsel was not deficient for failing to object to the court's instruction on reasonable doubt. These issues were raised in a Post Conviction Relief ("PCR") application, but were not included in a petition for writ of certiorari to the South Carolina Supreme Court, as the petition only raised the issue of potentially prejudicial testimony. Plaintiff claims that he is able to establish cause to excuse this procedural default regarding the claims submitted to the South Carolina Supreme Court following his unsuccessful PCR action.

On August 17, 2016, Defendant filed a motion for summary judgment. ECF No. 14. A *Roseboro* Order was mailed to Plaintiff on August 17, 2016, advising Plaintiff of the importance of a dispositive motion and the need for Plaintiff to file an adequate response. ECF No. 16.

Plaintiff filed a response in opposition to the summary judgment motion on November 28, 2016. ECF No. 24.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report").  On December 6, 2016, the Magistrate Judge issued a Report recommending that Defendants' summary judgment motion be granted and Plaintiff's application be dismissed with prejudice. ECF No. 25.  Specifically, the Magistrate Judge recommended that the application be dismissed due to procedural default, which Plaintiff was unable to overcome, and in the alternative, that his application fails on the merits of his ineffectiveness claims. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired, and Plaintiff's copy of the Report has not been returned to the court.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need

not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the complaint, the motion, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, both conclusions of the Report and Recommendation of the Magistrate Judge are adopted and incorporated by reference. The court finds that Plaintiff has procedurally defaulted on his claims of ineffectiveness of trial counsel not raised in a petition for writ of certiorari to the South Carolina Supreme Court; although Plaintiff argued that he was able to show a reason to excuse the default, his allegations of ineffective appellate counsel (who drafted the petition) do not establish cause for default. *See Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."); *Johnson v. Warden of Broad River Corr. Inst.*, No. 12-7270, 2013 WL 856731 (4th Cir. Mar. 8, 2013) ("[B[ecause Johnson alleges only ineffective assistance of appellate postconviction counsel, his allegations do not constitute cause for his failure to exhaust under the limited exception in *Martinez*."). In the alternative, Plaintiff's claims of ineffective assistance of counsel fail on the merits for the reasons stated by the Magistrate Judge.

Defendants' motion for summary judgment is **granted**. This matter is **dismissed with prejudice**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

3

>(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 10, 2017

4